## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **SCOTTY EUGENE MILLER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00011 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SOUTHWEST VIRGINIA REGIONAL** | ) | By:  James P. Jones |
| **JAIL AUTHORITY,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Scotty Eugene Miller, Pro Se Plaintiff.*

The plaintiff, Scotty Eugene Miller, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.  Miller has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915.  After review of the Complaint, I conclude that this action must be summarily dismissed.

Miller's allegations are sparse:

> While in Special Housing Unit (8A) on or about 4-2020 in the Haysi facility, officers was given structure to give me 1 hour recreation, while given 1 hour in Gym was left in leg, belly, and hand restraints.

Compl. 2, ECF 1.  As relief in this § 1983 action, Miller seeks monetary damages.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous,

malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Miller names only one defendant in this case: the Southwest Virginia Regional Jail Authority ("SVRJA"). Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the SWVRJA was "the moving force" behind the alleged violation of his rights. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337 (1981). To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts

demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, *see Strickler v. Waters*, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that plaintiff's continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, *see Helling v. McKinney*, 509 U.S. 25, 31 (1993).

Miller has not alleged facts stating the required elements of a claim that the SWVRJA had an official policy or custom in April 2020 that deprived him of any basic human need. Thus, he states no claim against the SWVRJA, the only defendant he has named in this case. Indeed, his allegations do not give rise to a constitutional claim against anyone at the jail. At the most, Miller alleges that on one occasion, officials kept him in restraints during a scheduled recreation period, and he does not allege any serious mental or physical harm that he suffered during that incident.

Because Miller's § 1983 claims cannot proceed against the named defendant, I will summarily dismiss the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim. An appropriate order will enter this day. Such a dismissal

leaves Miller free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

DATED:   April 19, 2021

/s/  James P. Jones
United States District Judge

---

[1]  The possibility of amending and resubmitting the claims in a new and separate civil action should not be taken as a finding that Miller's allegations, if particularized, might state a proper § 1983 claim against the SWVRJA or some person employed at the jail.